IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAZARO CANTILLO, # 67173-004                                      PETITIONER

VS.                                                       CIVIL ACTION NO. 3:19-cv-322-KHJ-FKB

WARDEN D. PAUL                                                 RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action pursuant to 28 U.S.C. § 2241 brought by federal prisoner Lazaro Cantillo, who was incarcerated at the Yazoo City Federal Correctional Complex when he initially filed the petition. Cantillo has since been relocated to Tucson Federal Correctional Institution, located in Tucson, Arizona.[1] *See* [14]. Petitioner asserts that his sentence was improperly enhanced under U.S.S.G. § 4B1.1, the career offender sentencing guideline, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). For the reasons set forth below, the undersigned recommends that the petition be dismissed.

    I.      PROCEDURAL HISTORY

On February 15, 2002, a jury of the United States District Court for the Southern District of Florida convicted Cantillo of five drug-related charges, as follows: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (count 1); (2) possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (count 2); (3) conspiracy to use or

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373-374; *Rumfeld v. Padilla*, 124 S. Ct. 2711, 2722-2723 (2004). Since Cantillo was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.

carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (count 3); (4) using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count 4); and (5) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count 5).

In advance of sentencing, a presentence investigation report determined that Cantillo was a career offender under U.S.S.G. § 4B1.1 based on Florida felony convictions for shooting or throwing a deadly missile and burglary of an unoccupied dwelling. *In re Cantillo*, No. 16-11468-B, 2016 U.S. App. LEXIS 24326, at *2-3 (11th Cir. May 2, 2016). Cantillo's resulting guideline imprisonment range was 360 months to life imprisonment, but the range would have been 292 to 365 months of imprisonment without the career offender enhancement. *Id.* at *3-4. On August 29, 2002, the district court sentenced Cantillo to a total of 420 months of imprisonment, consisting of 360 months on counts one and two, 240 months on count three, and 120 months on count five, to run concurrently, followed by 60 months' imprisonment on count four. *See Cantillo v. Warden*, No. 5:18-cv-29-MCR-CAS, 2018 WL 4214173, at *1 (N.D. Fla. July, 13, 2018).

On direct appeal, the Eleventh Circuit affirmed his conviction. *United States v. Gunn, et al.*, 369 F.3d 1229, 1238 (11th Cir. 2004). Cantillo pursued a petition for writ of certiorari before the United States Supreme Court, which denied his petition on October 12, 2004. *Cantillo v. United States*, No. 04-6100, 543 U.S. 937 (2004).

Thereafter, Cantillo pursued various challenges to his convictions. On October 7, 2005, Cantillo filed a motion to vacate his convictions under 28 U.S.C. § 2255, arguing that he suffered from ineffective assistance of counsel. *See Cantillo*, 2018 WL 4214173, at *1 (citing *United

2

*States v. Cantillo*, No. 1:01-cr-377-JIC-1 (S.D. Fla.)) (§ 2255 petition). The district court denied his motion to vacate, *see Cantillo v. United States*, No. 05-22682 CIV COHN, No. 05-22682 CIV WHITE, 2007 WL 81830 (S.D. Fla. Jan. 8, 2007), and the Eleventh Circuit affirmed. *See Cantillo v. United States*, No. 07-10830, 293 F. App'x 679 (11th Cir. 2008).

On October 18, 2010, Cantillo filed an application for leave to file a second or successive § 2255, arguing that the district court improperly considered a shooting conviction he committed before his eighteenth birthday. *Cantillo*, 2018 WL 4214173, at *2 (citing *In re Cantillo*, No. 10-14788-D (11th Cir. Nov. 12, 2010))(order). Finding that the evidence was not "newly discovered" within the meaning of § 2255(h)(1), the Eleventh Circuit denied the application. *Id.*

In 2016, Cantillo filed three separate applications for leave to file a second or successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2251 (2015). *Johnson* involved the Armed Career Criminal Act ("ACCA"), which provides for an increased sentence where a defendant has three prior convictions for a violent felony.[2] All three applications were denied, and the Eleventh Circuit concluded that *Johnson* was inapplicable to Cantillo's case because he was not sentenced under the ACCA. *See In re Cantillo*, No. 16-13098-J (11th Cir. June 28, 2016); *In re Cantillo*, No. 16-11468, 2016 U.S. App. LEXIS 24326, at *6; *see also United States v. Cantillo*, No. 1:01-cr-00377-JIC-1 (S.D. Fla. Aug. 2, 2016) (dismissed for lack of jurisdiction based on the Eleventh Circuit's denial of Cantillo's application to file a second or successive § 2255 motion).

---

[2] In *Johnson*, the Supreme Court struck down as unconstitutionally vague the "residual clause" portion of the statute's definition of "violent felony," which includes within the definition a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsequently in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* applies retroactively on collateral review.

More relevant to this Court's analysis, on January 23, 2018, Cantillo filed a § 2241 petition challenging his convictions based on *Mathis*, 136 S. Ct. at 2243.[3] *See Cantillo v. Warden*, No. 5:18-cv-29-MCR-CAS, 2018 WL 4214173, at *1-2 (N.D. Fla. July 13, 2018). In a report and recommendation, the magistrate judge found that Cantillo's arguments based on *Mathis* did not satisfy the savings clause of § 2255(e)[4] because Cantillo was "free to bring" these arguments in a § 2255 motion to vacate, which was an "adequate and effective means for testing such an argument." *Id.* at *4-5 (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017)(en banc)). Even so, the court found that Cantillo's reliance on *Mathis* was "misplaced" because "'*Mathis* does not provide an independent basis [for an application to authorize the filing of a second or successive § 2255 motion] as the Supreme Court's holding in *Mathis* did not announce a "new rule of constitutional law."'" *Id.* (quoting *In re: Hernandez*, 657 F.3d 1162, 1164 (11th Cir. 2017)). The court concluded, furthermore, that Cantillo was not sentenced under the ACCA; instead, he was only sentenced under the U.S.S.G § 4B1.1 career offender guideline. *Id.* Accordingly, the court reasoned that because Cantillo's

---

[3] *Mathis* concerned the method by which a state criminal statute is to be analyzed to determine whether it sufficiently matches one of the generic offenses listed in the ACCA such that it qualifies as an enhancer. The significance of *Mathis* is that it clarified the difference between statutes that set forth alternative elements (and therefore separate crimes) and those that set forth alternative means of committing a single crime. Under *Mathis*, where a statute of the latter type is broader than the federal generic offense, the conviction does not qualify as an enhancer. *Mathis*, 135 S. Ct. at 2256-2257.

[4] Subsection (e) states as follows, with the "savings clause" in italics:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (2008)(emphasis added).

4

case did not involve the ACCA, *Mathis* had no direct application. *Id.* Therefore, the § 2241 petition was dismissed for lack of jurisdiction. *Id.*

In his current § 2241 petition, Cantillo again argues that *Mathis* has rendered his Florida burglary conviction *not* a conviction under the career offender guidelines. [2] at 3. He asserts that *Mathis* and *Descamps* are retroactive and should be applied to his claims on collateral review. *Id.* at 5. He further argues that now that his case is pending within the Fifth Circuit, he is entitled to relief under *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), this circuit's pronouncement on the savings clause exception of § 2255(e).

II. DISCUSSION

As recounted above, Cantillo has previously filed a § 2241 habeas corpus petition arguing that he is entitled to relief under § 2255's savings clause because *Mathis* should be retroactively applied. Section 2244(a) allows the Court to dismiss a successive § 2241 habeas application, characterized as an "abuse of the writ." *Beras v. Johnson*, 978 F.3d 246, 251 (5th Cir. 2020)(dismissing a federal prisoner's § 2241 petition as "abuse of the writ" because it raised claims addressed in prior § 2241 petitions; obviating need for "savings clause" analysis). Section 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a)(1996).

There are generally two circumstances where a § 2241 petition should be dismissed as an "abuse of the writ." *Beras*, 978 F.3d at 252. First, "'a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the

5

failure to raise it earlier stemmed from a deliberate choice.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 484 (1991)). Second, "it is an abuse of the writ for a prisoner to raise the same claim a second time." *Id.*

In this case, Cantillo meets both scenarios. Cantillo meets the second circumstance because he raised a *Mathis* claim in his § 2241 petition filed in 2018 before the Northern District of Florida. That court denied relief, and the Eleventh Circuit dismissed his appeal for failure to prosecute. *See Cantillo v. FCI Marianna Warden*, No.18-14916-D (11th Cir. Mar. 11, 2019)(order of dismissal). Dissatisfied with that result, he has come to this Court seeking a more favorable decision. However, § 2244(a) forecloses such forum shopping and repeated attempts to obtain relief.

The doctrine codified in § 2244(a) is nothing new. The United States Supreme Court "has interpreted this statute to be consistent with the common-law 'judicial evolution' of the 'abuse-of-writ' principle." *Beras*, 978 F.3d at 251-252 (citing *McCleskey*, 499 U.S. at 484); *see also Davis v. Fechtel*, 150 F.3d 486, 490-491 (5th Cir. 1998)(finding that a third § 2241 petition qualified as abuse of the writ under pre- or post-AEDPA jurisprudence). "As [the Fifth Circuit] has said many times, subsequent § 2241 applications are barred 'if the same legal issue . . . [is] addressed and resolved in [a] prior' application." *Beras*, 978 F.3d at 252 (citing cases). And while § 2244(a) does not expressly apply to habeas cases filed under § 2241, several circuit and district courts have employed the statute to dismiss successive § 2241 habeas applications where the grounds raised in the second petition have been raised and denied in a prior § 2241 proceeding. *See id.* at 252-53; *see also Edwards v. Hutchinson*, No. 9:21-01113-DCC-MHC, 2021 WL 5361836 (D. S.C. Aug. 24, 2021)(collecting cases); *Powers v. Davies*, No. 21-cv-472-

6

JL, 2021 WL 3571500 (D. N.H. June 28, 2021)(dismissing § 2241 petition that raised claims brought in prior petition and additional claim that could have been asserted in prior petition).

As for Cantillo's passing reference to *Descamps*, 133 S. Ct. at 2276, the undersigned finds that case also fails to provide relief. Indeed, Cantillo's arguments based on *Descamps*, decided in 2013, were available to him in his first § 2241 filed in 2018. Therefore, his arguments based on *Descamps* meet the first "abuse of the writ" circumstance. *See Beras*, 978 F.3d at 252.

Moreover, *Descamps* fails to provide Cantillo relief for a much more fundamental reason. In *Descamps*, "the Supreme Court held that 'sentencing courts may not apply the modified categorical approach' to determine if a conviction is a 'violent felony' under the [Armed Career Criminal Act (ACCA)] when the crime of conviction 'has a single, indivisible set of elements.'" *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015)(quoting *Descamps*, 133 S.Ct. at 2281-82). But Cantillo was not sentenced under the ACCA, and *Descamps* is, therefore, inapplicable. And even if he had been sentenced under the ACCA, the Fifth Circuit has repeatedly "rejected § 2241 petitions challenging armed-career-criminal enhancements based on *Descamps*" on the grounds that they do not satisfy the savings clause and are not cognizable under § 2241. *Williams v. Nash*, No. 3:18-cv-338-DPJ-FKB, 2019 WL 2156956, at *2 (S.D. Miss. May 17, 2019); *see Williams v. Warden USP Beaumont*, 609 F. App'x 269, 270 (5th Cir. 2015); *Vinson v. Maiorana*, 604 F. App'x 349, 350 (5th Cir. 2015).

### III. CONCLUSION

For these reasons, the undersigned concludes that this Court is without jurisdiction to consider the petition. Accordingly, the undersigned recommends that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[5] with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of June, 2022.

/s/ F. Keith Ball                            .
UNITED STATES MAGISTRATE JUDGE

---

[5] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).